## In re McQUEEN'S ESTATE.

### BLANKMAN v. McQUEEN.

*(Supreme Court, General Term, First Department.　March 13, 1891.)*

WITNESS—TRANSACTIONS WITH DECEDENT.

On a reference of a claim against the estate of an intestate, disputed by the administrator, it is not an objection to answers of a witness, on redirect examination, that they relate to personal transactions with the deceased, and that the witness is interested in the event, where, on cross-examination, the witness was questioned on the same subject by the counsel for the administrator.

Appeal from special term, New York county.

Claim by Benjamin Blankman against the estate of Alfred G. McQueen, deceased, presented to John McQueen, as administrator of said estate, and referred under Rev. St. N. Y. pt. 2, c. 6, art. 2, § 36, providing for the reference of any claim so presented, "if the executor or administrator doubt the justice" of the claim. At the hearing before the referee, a witness, Sarah J. Pandjiris, who had also presented a claim against the estate, which had been referred, by the same order of reference, to the same referee, was permitted, on her redirect examination, to testify to certain matters, against the objection of the administrator on the ground that she was a party or person interested in the proceeding, and that such matters involved personal transactions with the deceased. The referee reported in favor of the claimant. The administrator moved, on a case containing exceptions, for a new trial, which was denied; and he appeals from the order denying his motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George P. Webster,* (*Allen McDonald,* of counsel,) for appellant. *A. S. Diossy,* (*Daniel Clark Briggs,* of counsel,) for respondent.

VAN BRUNT, P. J. We have examined the record in the case at bar, and see no reason to differ from the conclusion arrived at by the judge at the special term. None of the objections presented upon the record are well taken, and we do not think it necessary to refer to them in detail, because the counsel for the appellant has not considered the question of sufficient importance to refer in his points to the correct folios in the case affecting the same; but reference is made to some imaginary case which is not before the court. The order should be affirmed, with costs.

DANIELS, J., (*concurring.*) It is quite clear that the answers obtained from the witness Pandjiris on her re-examination were free from legal exception; for on her cross-examination she was questioned on the same subject by the counsel for the administrator. And after that examination the claimant's counsel was entitled to fortify, or explain, or add to her answers given by way of cross-examination. In no other respect do the rules of evidence appear to have been violated, and the mode adopted for the final disposition of the case was regular. It is therefore considered that the order made should be affirmed, with costs.

BRADY, J., concurs.